# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF ALABAMA
# SOUTHERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA | ) |
| | ) |
| v. | ) CRIMINAL NO. 19-0030-WS |
| | ) |
| ANTHONY BROWN, | ) |
| | ) |
| **Defendant.** | ) |

## ORDER

The defendant has filed a motion for sentence correction. (Doc. 34). For reasons discussed below, the motion is due to be denied.

A judgment once entered cannot be modified except as provided by 18 U.S.C. § 3582(c). A motion to correct sentence can be pursued only in compliance with Rule 35, *id*. § 3582(c)(1)(B), and the defendant's motion falls outside the scope of that rule.

Rule 35(a) permits a court to "correct a sentence that resulted from arithmetical, technical, or other clear error," but only "[w]ithin 14 days after sentencing." After that date, the trial court loses all power to act under Rule 35(a). *E.g., United States v. Phillips*, 597 F.3d 1190, 1197 (11th Cir. 2010); *United States v. Diaz-Clark*, 292 F.3d 1310, 1317 (11th Cir. 2002); *United States v. Morrison*, 204 F.3d 1091, 1094 (11th Cir. 2000). The defendant was sentenced on July 30, 2019, (Doc. 31 at 1), and the instant motion was not filed until October 24, 2019, some 86 days later. Relief under Rule 35(a) is thus barred by the passage of time.

Rule 36 allows a court "at any time" to "correct a clerical error in a judgment …, or correct an error in the record arising from oversight or omission." There is thus no deadline for filing such a motion. However, "Rule 36 … cannot be used … to make a substantive alteration to a criminal sentence." *United States v. Pease*, 331 F.3d 809, 816 (11th Cir. 2003). The defendant seeks a reduction of his sentence from 57 months to 20 months, which would be very much a substantive alteration. Had the Court orally imposed a 20-month sentence and the written judgment inconsistently reflected a 57-month sentence, the judgment could be amended as a clerical error. *United States v. Portillo*, 363 F.3d 1161, 1164-65 (11th Cir. 2004). Because

the Court intended to pronounce, and did pronounce, a 57-month sentence, there is no clerical error and Rule 36 is not in play.[1]

Even could the defendant's motion be considered on its merits, it would fail. He identifies error based on: (1) *United States v. Rehaif*, 139 S. Ct. 2191 (2019); (2) *United States v. Crumpton*, 88 F. Supp. 3d 796 (E.D. Mich. 2015), *rev'd in part*, 824 F.3d 593 (6th Cir. 2016); and (3) *United States v. Davis*, 139 S. Ct. 2319 (2019). None aids his cause.

The defendant was charged in a one-count indictment as a felon in possession of a firearm, in violation of 18 U.S.C. § 922(g). The indictment charged that the defendant, after being convicted of a felony, knowingly possessed the firearm. (Doc. 1). Upon conviction, he was subject to a prison term of up to ten years, (Doc. 1-1), pursuant to 18 U.S.C. § 924(a)(2), which provides such a term for "[w]hoever knowingly violates subsection … (g)."

On April 16, 2019, the defendant entered a blind plea of guilty. (Doc. 20). At his plea hearing, the defendant acknowledged that one element of his offense was that he knowingly possessed a firearm and that another element was that, prior to that time, he had been convicted of a felony. (Doc. 21 at 16). With this awareness, he pleaded guilty to the charge. (*Id*. at 18). He also admitted the facts surrounding the charge, *viz*., that he had a Glock in the trunk of his vehicle as he drove through Selma. (*Id*. at 17-18).

"We conclude that in a prosecution under 18 U.S.C. § 922(g) and § 924(a)(2), the Government must prove both that the defendant knew he possessed a firearm and that he knew he belonged to the relevant category of persons barred from possessing a firearm." *Rehaif*, 139 S. Ct. at 2199. Because the defendant pleaded guilty, the government in this case was not required to prove anything. Moreover, the defendant pleaded guilty to the crime charged in the indictment, which alleged that he "did knowingly possess" the firearm. While the indictment did not expressly charge that the defendant knew he was a felon, and while the defendant at his plea hearing did not expressly admit he knew he was a felon,[2] he could not possibly have denied such

---

[1] The defendant of course could have appealed his sentence on any available ground, but he did not do so, and the deadline for filing a notice of appeal has long since passed. Fed. R. App. P. 4(b)(1).

[2] The defendant pleaded guilty in April 2019, two months before the Supreme Court decided *Rehaif*. At the time of his plea, controlling precedent held that the government was not required to prove that the defendant knew he had been convicted of a felony. *United States v. Rehaif*, 888 F.3d 1138, 1143-47 (11th Cir. 2018), *rev'd*, 139 S. Ct. at 2200.

knowledge, given that he was imprisoned from 2005 to 2008 for manslaughter and from 2013 to 2015 for first degree assault. (Doc. 26 at 6).[3]

"Nonexclusive possession of the premises, without more, cannot establish constructive possession over contraband found within the premises." *Crumpton*, 88 F. Supp. 3d at 810. This may be so for purposes of proof at a criminal trial (as in *Crumpton*), but it is irrelevant in this case, because the defendant pleaded guilty and affirmatively admitted both possession and knowing possession of the subject firearm.

The defendant was sentenced to the low end of the guideline range. His base offense level of 26 was gleaned from Section 2K2.1(a)(1) of the Sentencing Guidelines, which provides for that level if the defendant has two felony convictions for a "crime of violence." (Doc. 26 at 4). *Davis* held that Section 924(c)(3)(B) of Title 18, which defines a "crime of violence" as a felony offense "that by its nature, involves a substantial risk that physical force against the person or property of another may be used in the course of committing the offense," is "unconstitutionally vague." 139 S. Ct. at 2336. The defendant would apply *Davis* to Section 2K2.1(a)(1). However, "the advisory Sentencing Guidelines are not subject to a vagueness challenge under the Due Process Clause." *Beckles v. United States*, 137 S. Ct. 886, 895 (2017). "Therefore, *Davis* has no application to U.S.S.G. § 2K2.1(a) …." *In re: Navarro*, 931 F.3d 1298, 1303 (11th Cir. 2019).

For the reasons set forth above, the defendant's motion for sentence correction is **denied**.

DONE and ORDERED this 12th day of November, 2019.

                s/WILLIAM H. STEELE
                UNITED STATES DISTRICT JUDGE

---

[3] The defendant had "no objections to the presentence report." (Doc. 30).